**Tom BRADY, et al., Plaintiff–Appellees,**

v.

**NATIONAL FOOTBALL LEAGUE, Defendant–Appellants.**

No. 11–1898.

United States Court of Appeals, Eighth Circuit.

April 29, 2011.

---

Before BYE, COLLOTON, and BENTON, Circuit Judges.

### ORDER

The motion of appellants National Football League, et al., for a temporary stay of the district court's order dated April 25, 2011, pending a decision by this court on the appellants' motion for a stay pending appeal, has been considered by the court and is granted. The purpose of this administrative stay is to give the court sufficient opportunity to consider the merits of the motion for a stay pending appeal. See, e.g., *In re Grand Jury Proceedings,* 841 F.2d 230, 232 (8th Cir.1988) (describing grant of temporary stay to consider motion for stay pending appeal); *see also Cobell v. Norton,* No. 03–5262, 2004 WL 603456, at *1 (D.C.Cir.2004) (describing administrative stay procedure); *Arnold v. Garlock, Inc.,* 278 F.3d 426, 433 (5th Cir.2001) (describing implementation of temporary stay to provide sufficient time to consider fairly whether a formal stay pending appeal should issue); *Twelve John Does v. District of Columbia,* 841 F.2d 1133, 1137 (D.C.Cir.1988) (describing entry of a temporary administrative stay to permit time for full consideration of motions). The district court's order of April 25, 2011, is temporarily stayed.

BYE, Circuit Judge, dissenting.

I respectfully dissent from the panel's decision to grant a temporary stay of the district court's order pending a decision by this court on the National Football League's (NFL) motion for a stay pending appeal. The NFL moved for such a temporary stay pursuant to Rule 27A(b)(4) of the Eighth Circuit Local Rules. Rule 27A(b)(4) was adopted pursuant to Rule 27(c) of the Federal Rules of Appellate Procedure, which authorizes a single judge to entertain particular "motion[s] or class of motions."

As the federal courts have noted, the underlying purpose of Rule 27(c)—and by extension our Local Rule 27A(b)(4)—is to address "emergency situations." *McClendon v. City of Albuquerque,* 79 F.3d 1014, 1019 (10th Cir.1996) (citing *Arrow Transp. Co. v. S. Ry. Co.,* 372 U.S. 658, 662 n. 4, 83 S.Ct. 984, 10 L.Ed.2d 52 (1963)). I am unaware of a general practice in this circuit of resolving requests for stays pending appeal in non-emergency situations in a two-step process (entertaining a request for a temporary administrative stay until we can hear from both sides, followed by a grant or denial of the request for a stay itself). In a criminal case, for example, we do not grant a temporary administrative request for release pending appeal while we wait for the government to respond to the defendant's request for release pending appeal.

In my tenure as an appellate judge, the only circumstances I can recall in which the power to grant a temporary stay has been invoked by a party, and exercised by our court, have been circumstances which truly qualify as emergencies. For example, I have granted such a request on behalf of an immigrant who has filed a petition with our court to review a removal order entered by the Bureau of Immigration Appeals (BIA), when the immigrant's removal date was imminent and the government had not yet responded to the immigrant's request for a stay of removal pending our review of the petition. Anoth-

er situation in which a temporary stay, pending review of a motion for a stay itself, may be appropriate is in a death penalty case where an execution date has been set and is imminent.

Such circumstances qualify as true emergencies because of the impossible or nearly impossible task of reversing the consequences of allowing a district court's order to take effect. We cannot reverse the consequences of an execution if it takes place before we have had a chance to hear from both parties. Similarly, an immigrant who has already been removed faces a very difficult task of returning to this country should we actually grant a motion for a stay of the removal pending our review of the immigrant's petition.

The NFL has not persuaded me this is the type of emergency situation which justifies the grant of a temporary stay of the district court's order pending our decision on a motion for a stay itself. If we ultimately grant the motion for a stay, the NFL can easily re-establish its lockout. The NFL is certainly not in the same emergency position as an immigrant about to be removed, or an individual about to be executed, who cannot so easily reverse the consequences of initially allowing a district court's order to take effect. Because I believe we should limit our reliance on Eighth Circuit Rule 27A(b)(4) to true emergency situations, I disagree with the panel's decision to enter a temporary stay based on the circumstances involved in this case.

Moreover, the initial reason the NFL requested such a temporary stay while we waited to hear from the Players, was to prevent the NFL from being forced to undertake post-injunction operations. The NFL claimed such operations would be "a complex process that requires time to coordinate." This contention is severely undermined by the fact that the NFL had, within a day of the district court's order

denying a stay, already planned post-injunction operations which would allow the players to have access to club and workout facilities, receive playbooks, meet with coaches, and so forth. Because I expect our court will be resolving the actual request for a stay in short order, I see little practical need for granting an emergency temporary stay in this non-emergency situation.

Finally, to justify the granting of the stay itself, the NFL must show it will suffer some irreparable harm by allowing the district court's order to take effect. *See, e.g. Packard Elevator v. ICC,* 782 F.2d 112, 115–16 (8th Cir.1986). By necessary extension, I believe some showing of irreparable harm must also be shown to justify the entry of a temporary stay pending review of the motion for a stay. Based on the materials which have been filed in this case up to this point, the NFL has failed to satisfy me it will suffer any irreparable harm from allowing the district court's order to take effect.

I respectfully dissent.